QIAO FENG GAN, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73509.
Agency No. A77–431–811.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Charles J. Kinnunen, Esq., Hagatna, GU, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Emily A. Radford, Esq., Keith Bernstein, Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Qiao Feng Gan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the BIA's adverse credibility finding. The BIA offered specific, cogent reasons for its findings based on petitioner's failure to include pivotal, significant incidents in her asylum application which go to the heart of her asylum claim, including the arrest of her father and brother. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (upholding an adverse credibility finding based on a pivotal omission from the alien's asylum application going to the heart of the claim).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because petitioner failed to show that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence also supports the denial of relief under CAT. *See id.* at 1157.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION DENIED.